# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | )
Plaintiff, | ) Case No. 5:02CR30087
| ) Case No. 5:07CV80012
v. | )
| ) **OPINION**
**NORWOOD COOK,** | )
| ) By: James P. Jones
Defendant. | ) Chief United States District Judge |

*Norwood Cook, Pro Se Petitioner.*

Petitioner Norwood Cook, a federal inmate proceeding pro se, has filed what he styles as a "civil complaint." Upon review of the motion and court records, I find that the complaint must be construed as a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C.A. § 2255 (West 2006), and dismissed as successive.

Cook alleges that despite a plea agreement promise from the government not to use self-incriminating evidence to determine his sentencing guidelines range, the probation officer used self-incriminating information from Cook's proffer, concerning drug amounts and dates of transactions, to increase Cook's sentencing range under the guidelines. The Presentence Report ("PSR") also included language inferring that Cook held a leadership role in drug trafficking. Cook now wants this information in

his PSR corrected, as it is allegedly affecting his custody classification within the Bureau of Prisons.[1] He asked the probation office to change the PSR, but the supervising officer informed him that he does not have authority to make changes at this time. Cook then filed this complaint, seeking specific performance of Paragraph 7 of his plea agreement. He demands that all proffered testimony and leadership language be removed from the PSR and that his sentence be recalculated under a lower guidelines range that does not rely on proffered testimony.

I find that Cook's claims challenge the legality of his sentence as imposed. As such, his legal remedy is in habeas. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody."). Because Congress intended the habeas statutes as an exclusive remedy for challenges to the fact or duration of confinement, Cook cannot use a civil rights action for this purpose in circumvention of the time limits for filing appeals or post-conviction challenges to his sentence. *Id.* at 489. Section 2255 is the statutory remedy designed by Congress for inmates raising a post-appeal period

---

[1] Cook states that his classification as a public safety risk causes him to be housed with younger, more dangerous inmates and precludes him from participating in community-based programs that could help him rehabilitate himself and prepare for transition back into society.

challenge to the legality of their federal sentences, as Cook is doing here. Accordingly, I construe his submission as a § 2255 motion.

This court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. *See* § 2255 para. 8. Court records indicate that petitioner previously filed § 2255 motions concerning this same conviction and sentence. As the petitioner offers no indication that he has obtained certification from the court of appeals to file a successive § 2255 motion, I must dismiss his current action without prejudice.[2] A separate Final Order will be entered herewith.

                              ENTER: December 27, 2007

                              /s/ JAMES P. JONES
                              Chief United States District Judge

---

[2] Cook is well aware of the procedures governing § 2255 petitions. Cook's conviction and sentence became final on February 4, 2003. He filed a § 2255 petition on December 31, 2004, which was dismissed. *Cook v. United States*, No. 7:05CV00018, 2005 WL 2445452 (W.D. Va. Oct. 3, 2005), *appeal dismissed*, 174 F. App'x 736 (4th Cir.), *cert. denied*, 127 S. Ct. 127 (2006). He filed a new petition, which was dismissed as successive. *Cook v. United States*, No. 7:06CV00349, 2006 WL 1699952 (W.D. Va. June 14, 2006). He thereafter moved to reopen the first § 2255 case. which motion was denied. *Cook v. United States*, No. 7:05CV00018, 2006 WL 1997129 (W.D. Va. July 14, 2006), *appeal dismissed*, 208 F. App'x 259 (4th Cir. 2006), *cert. denied*, 127 S. Ct. 2064 (2007).