# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 5:02CR30087 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NORWOOD COOK, JR.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Kartic Padmanabhan, Assistant United States Attorney, Roanoke, Virginia, for United States; Norwood Cook, Jr., Pro Se Defendant.*

The defendant, Norwood Cook, Jr. ("Cook"), has moved for relief from a criminal order of forfeiture entered when he was sentenced in 2003. For the following reasons, I will deny the defendant's motion.

## I.

The subject Order of Forfeiture entered on January 22, 2003 stated, in pertinent part:

> WHEREAS in Count Four of the Indictment filed herein on October 9, 2002, the United States sought forfeiture of any and all interest Defendant Norwood Cook, Jr., has in any property which represents proceeds of a violation of 21 U.S.C. §§ 841 and 846, and/or any property which was used, or intended to be used, to facilitate a violation thereof;
>
> AND WHEREAS Defendant pled guilty to Count One of the Indictment, the criminal violation giving rise to the forfeiture, a

violation of 21 U.S.C. §§ 841 and 846, possession with the intent to distribute 50 grams or more of cocaine base, also known as "crack" cocaine, and 500 grams or more of cocaine, Schedule II controlled substances;

AND WHEREAS by virtue of said guilty plea, the Defendant acknowledged that certain real and personal property assets are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853, as the property represents proceeds of a violation of 21 U.S.C. §§ 841 and 846, and was used, or intended to be used, to facilitate a violation thereof, and Defendant further agrees to the entry of this Order prior to sentencing.

(Order of Forfeiture 1, ECF No. 17.)

The Order of Forfeiture referenced specific property subject to forfeiture, but also included a monetary judgment in the amount of two million dollars. The order stated that the value of the monetary judgment "was obtained directly or indirectly as a result of the aforestated offense or is traceable to such property." (*Id.* at 2.) The order was endorsed as agreed to by Cook and his attorney and stated that it "shall be made a part of the sentence and included in the judgment." (*Id.* at 5.)

On January 24, 2003, a criminal judgment was entered against Cook based upon his guilty plea. The Judgment, however, did not incorporate the Order of Forfeiture as required by Federal Rule of Criminal Procedure 32.2, as it existed at the time of Cook's sentencing. *See* Fed. R. Crim. P. 32.2(b)(3) (2003 version) ("At sentencing — or at any time before sentencing if the defendant consents — the order of forfeiture becomes final as to the defendant and must be made a part of the sentence and be included in the judgment.").

## II.

As an initial matter, I will amend the Judgment in accord with Federal Rule of Criminal Procedure 36 to include a reference to the omitted Order of Forfeiture. Pursuant to Rule 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Based on the content of the parties' current filings, both parties are on notice of the omission of the order from the original Judgment.

Under these circumstances, I conclude that the failure to incorporate the Order of Forfeiture into the Judgment was "simply a ministerial error that did not seriously affect the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mitchell*, 70 F. App'x 707, 715 (4th Cir. 2003) (unpublished). More specifically, the parties do not dispute that the sentencing court made clear prior to sentencing that it intended to enter an order of forfeiture in Cook's case. *See United States v. Martin*, 662 F.3d 301, 307 (4th Cir. 2011). Evidence of the court's intent is demonstrated by the agreement of Cook and his counsel to the Order of Forfeiture, thus ensuring that Cook had notice of this component of his sentence prior to it being imposed. *See id.* at 309. Under these circumstances, it is appropriate to correct the omission pursuant to Rule 36.

III.

Regarding the substance of Cook's motion, he seeks relief from the monetary judgment imposed by the Order of Forfeiture based on Federal Rule of Civil Procedure 60(b)(5) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."). Rule 60(b)(5), however, is not applicable to the criminal forfeiture that was entered against Cook pursuant to Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853. Nevertheless, I will briefly address the substance of Cook's arguments.

Cook contends that (1) it is inequitable to require prospective forfeiture in this case because he is essentially destitute; (2) the basis for determining the amount of the monetary judgment was flawed; and (3) the government failed to provide notice of forfeiture to a third party holding a secured interest in real property subject to the Order of Forfeiture.[1] I will not consider the latter claim

---

[1] Cook asserts other arguments in his Reply to Government's Response (ECF No. 52) including, among others: (1) the government has waived its right to enforce the monetary judgment; (2) he received assurances from his attorney that the monetary judgment would only apply to illegally obtained assets, and (3) the value of previously seized property satisfies the monetary judgment. The United States has not responded to these assertions. I will also not address them here because they were not raised in support of Cook's initial motion. *See Clawson v. FedEx Ground Package Sys., Inc.*, 451

because Cook is attempting to assert the interest of a third party that is not before this court. Cook's remaining arguments are unpersuasive for the following reasons.

First, Cook contends that it is inequitable to permit prospective forfeiture because he is currently indigent or lacks adequate assets to satisfy the monetary judgment. The Fourth Circuit recognizes that monetary judgments are available in the criminal forfeiture context. *See United States v. Blackman*, 746 F.3d 137, 145 (4th Cir. 2014); *see also United States v. Jameel*, No. 2:13cr98, 2014 WL 5317860, at *1 (E.D. Va. Oct. 16, 2014) ("[W]here the proceeds of the offense are no longer traceable or available, a personal monetary judgment is appropriate."). In a criminal proceeding, a monetary judgment for "[f]orfeiture is calculated on the basis of the total proceeds of a crime, not the percentage of those proceeds remaining in the defendant's possession at the time of the sentencing hearing." *Blackman*, 746 F.3d at 144. After sentencing, "[a] money judgment permits the government to collect on the forfeiture order in the same way that a successful plaintiff collects a money judgment from a civil defendant. . . . [Therefore], the government may seize future assets to satisfy the order." *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006); *see also United States v. Baker*, 227 F.3d 955, 970

---

F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered."). In any event, I find them without merit.

-5-

(7th Cir. 2000) (concluding that forfeiture may be in personam with the effect of "plac[ing] a judgment lien against [the defendant] for the balance of his prison term and beyond."). As a result, Cook's current inability to pay the monetary judgment against him cannot relieve him of this forfeiture obligation.

Similarly, Cook's second argument is that the basis for determining the amount of the monetary judgment was flawed, because it relied on the approximate value of his day-trading of securities.[2] Criminal forfeiture pursuant to "[21 U.S.C.] § 853 limits forfeiture by establishing a factual nexus requirement: Only drug-tainted assets may be forfeited." *Libretti v. United States*, 516 U.S. 29, 42 (1995). However, pursuant to Federal Rule of Criminal Procedure 32.2, "[t]he court's determination may be based on evidence already in the record, *including any written plea agreement*." *See* Fed. R. Crim. P. 32.2(b)(1) (2003 version) (emphasis added). In this case, the factual nexus was provided by Cook's admission in the Order of Forfeiture that the value of the monetary judgment "was obtained directly or indirectly as a result of the aforestated offense or is traceable to such property." (Order of Forfeiture 2, ECF No. 17.)

---

[2] Cook asserts that in one-year he traded approximately two million dollars in securities through a broker account with "Track Data Corp." (Decl. in Supp. of Mot. Pursuant F.R.C.P. 60b(5) 2–3, ECF No. 46–4.) He contends that the government improperly used this information to conclude that he possessed two million dollars in securities at the time of his sentencing.

More generally, however, Cook's argument is misplaced because "[c]riminal forfeiture is 'concerned not with how much an individual has but with how much he received in connection with the commission of the crime.'" *United States v. Epps*, 343 F. App'x 924, 926 (4th Cir. 2009) (unpublished) (quoting *United States v. Vampire Nation*, 451 F.3d 189, 201 (3d Cir. 2006)). Cook's day-trading argument is therefore irrelevant, because the monetary judgment against him was based on his admission that its value reflected the amount he obtained from his criminal activities. I have no reason to question Cook's admission. At a minimum, Cook does not assert that his agreement to the Order of Forfeiture was not knowingly and voluntarily made. *See Libretti*, 516 U.S. at 42 (noting a distinction between whether a forfeiture is "factually based" or entered knowingly and voluntarily). For these reasons, I find that Cook has failed to demonstrate that the monetary judgment lacked adequate factual support.

For the foregoing reasons, it is **ORDERED** that:

1. The Judgment entered against Cook on January 24, 2003 (ECF No. 18) is hereby deemed amended pursuant to Federal Rule of Criminal Procedure 36 to correct the omission of the Order of Forfeiture; and

2. Cook's Motion for Relief (ECF No. 46) and Motion to Amend (ECF No. 53) are **DENIED**.

ENTER:  March 30, 2015

/s/  James P. Jones
United States District Judge