# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 5:02CR30087 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **NORWOOD COOK, JR.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Krista Consiglio Frith, Assistant United States Attorney, Roanoke, Virginia, for United States; Norwood Cook, Jr., Pro Se Defendant.*

The defendant, Norwood Cook, Jr., has moved for reconsideration of a recent amendment to an order of forfeiture that was originally entered when he was sentenced in 2003.  For the following reasons, I will deny the defendant's motion.

## I.

The Order of Forfeiture entered on January 22, 2003 stated, in pertinent part:

WHEREAS in Count Four of the Indictment filed herein on October 9, 2002, the United States sought forfeiture of any and all interest Defendant Norwood Cook, Jr., has in any property which represents proceeds of a violation of 21 U.S.C. §§ 841 and 846, and/or any property which was used, or intended to be used, to facilitate a violation thereof;

AND WHEREAS Defendant pled guilty to Count One of the Indictment, the criminal violation giving rise to the forfeiture, a violation of 21 U.S.C. §§ 841 and 846, possession with the intent to distribute 50 grams or more of cocaine base, also known as "crack"

cocaine, and 500 grams or more of cocaine, Schedule II controlled substances;

AND WHEREAS by virtue of said guilty plea, the Defendant acknowledged that certain real and personal property assets are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853, as the property represents proceeds of a violation of 21 U.S.C. §§ 841 and 846, and was used, or intended to be used, to facilitate a violation thereof, and Defendant further agrees to the entry of this Order prior to sentencing.

Order of Forfeiture 1, ECF No. 17.

The Order of Forfeiture referenced specific property subject to forfeiture, but also included a monetary judgment in the amount of two million dollars. The order stated that the value of the monetary judgment "was obtained directly or indirectly as a result of the aforestated offense or is traceable to such property." *Id.* at 2. The order was endorsed as agreed to by Cook and his attorney and stated that it "shall be made a part of the sentence and included in the judgment." *Id.* at 5.

On January 24, 2003, a criminal judgment was entered against Cook based upon his guilty plea. The Order of Forfeiture was inadvertently omitted from the judgment, but I later amended the judgment to correct that error. Op. & Order, March 30, 2015, ECF No. 54. At the same time, I denied a motion for relief from the Order of Forfeiture, in which Cook raised arguments similar to those he makes in the instant motion. *Id.* He appealed my ruling, and the court of appeals affirmed. *United States v. Cook*, 610 F. App'x 304 (4th Cir. 2015) (unpublished).

In May 2020, the government moved to amend the Order of Forfeiture to allow forfeiture of substitute property in the form of tax refunds and other federal payments through the Treasury Offset Program (TOP).  On February 26, 2020, the TOP had captured the defendant's state tax return in the amount of $469.50, and Cook had paid nothing toward his $2,000,000 money judgment.  I granted the government's motion and amended the Order of Forfeiture.  Cook has now moved for reconsideration of that amendment.

II.

Cook asserts that the $2,000,000 money judgment to which he agreed is a fiction and does not in fact represent the proceeds of his crime.  He further contends that he did not do anything to prevent the government from locating the forfeited assets.

To the extent Cook seeks to challenge the facts underlying the amount of the money judgment, the time for doing so has long since passed.  Eighteen years ago, he pled guilty and agreed to the amount of the money judgment.  The money judgment against him was based on his admission in the Order of Forfeiture that its value reflected the amount he obtained from his criminal activities.  This court has already addressed the arguments he now raises.

The Fourth Circuit recognizes that monetary judgments are available in the criminal forfeiture context.  *See United States v. Blackman*, 746 F.3d 137, 145 (4th

Cir. 2014); *see also United States v. Jameel*, No. 2:13cr98, 2014 WL 5317860, at *1 (E.D. Va. Oct. 16, 2014) ("[W]here the proceeds of the offense are no longer traceable or available, a personal monetary judgment is appropriate.").  In a criminal proceeding, a monetary judgment for "[f]orfeiture is calculated on the basis of the total proceeds of a crime, not the percentage of those proceeds remaining in the defendant's possession at the time of the sentencing hearing." *Blackman*, 746 F.3d at 144.  After sentencing, "[a] money judgment permits the government to collect on the forfeiture order in the same way that a successful plaintiff collects a money judgment from a civil defendant. . . . [Therefore], the government may seize future assets to satisfy the order." *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006); *see also United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000) (concluding that forfeiture may be in personam with the effect of "plac[ing] a judgment lien against [the defendant] for the balance of his prison term and beyond").  Thus, the fact that Cook did not have $2,000,000 in his possession at the time of his arrest or sentencing is irrelevant, nor does it matter that he does not possess the money now.  "Criminal forfeiture is 'concerned not with how much an individual has but with how much he received in connection with the commission of the crime.'" *United States v. Epps*, 343 F. App'x 924, 926 (4th Cir. 2009) (unpublished) (quoting *United States v. Vampire Nation*, 451 F.3d 189, 201 (3d Cir. 2006)).

Criminal forfeiture pursuant to "[21 U.S.C.] § 853 limits forfeiture by establishing a factual nexus requirement: Only drug-tainted assets may be forfeited." *Libretti v. United States*, 516 U.S. 29, 42 (1995). However, pursuant to Federal Rule of Criminal Procedure 32.2, "[t]he court's determination may be based on evidence already in the record, *including any written plea agreement*." *See* Fed. R. Crim. P. 32.2(b)(1)(B) (2003 version) (emphasis added). In this case, the factual nexus was provided by Cook's admission in the Order of Forfeiture that the value of the monetary judgment "was obtained directly or indirectly as a result of the aforestated offense or is traceable to such property." Order of Forfeiture 2, ECF No. 17.

The statute provides for the forfeiture of substitute property where the property subject to forfeiture,

> as a result of any act or omission of the defendant—
>
> > (A) cannot be located upon the exercise of due diligence;
> >
> > (B) has been transferred or sold to, or deposited with, a third party;
> >
> > (C) has been placed beyond the jurisdiction of the court;
> >
> > (D) has been substantially diminished in value; or
> >
> > (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p)(1). "Section 853(p) is not discretionary; rather, the statute mandates forfeiture of substitute assets when the tainted property has been placed

beyond the reach of a forfeiture." *United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006) (internal quotation marks and citation omitted). "Courts interpret this provision liberally so as to thwart efforts by a defendant to circumvent the economic impact of an anticipated criminal forfeiture sentence." *Id.* at 316 (internal quotation marks and citation omitted).

In support of its Motion to Amend Order of Forfeiture, the government has filed a declaration of Deputy U.S. Marshal Mark Durig. From April 2014 to July 2017, Durig was assigned to this district as a Senior Inspector with the Asset Forfeiture Division of the U.S. Marshals Service. Durig declares that Cook has not attempted to make any payment toward his money judgment. When Cook failed to respond to a letter advising him to make payment, the government entered him into the TOP, which captured his state tax return. Durig further declares that he attempted to identify substitute assets that could be forfeited in order to satisfy the money judgment, but he did not locate any real estate, vehicles, or other substantial assets owned by Cook.

Durig states that he has "performed an updated investigation of Norwood COOK's assets, which confirms he has not acquired any assets since 2014. This is consistent with COOK's statements in his recent filings indicating he has no significant assets." Durig Decl. ¶ 9, ECF No. 72-1. According to Durig, "the

$2,000,000 in proceeds from COOK's crime cannot be located upon the exercise of due diligence." *Id.* ¶ 11.

Cook has presented no evidence to dispute the facts set forth in Durig's declaration. I find that the government has proven that as a result of Cook's actions, the $2,000,000 in proceeds traceable to his crime cannot be located upon the exercise of due diligence, in satisfaction of § 853(p)(1)(A). Cook contends that the government has not shown any act or omission by him that caused the $2,000,000 to be unlocatable, but I disagree. Cook admitted that $2,000,000 represented the proceeds of his crime, and he now admits that he did not possess $2,000,000 at the time of his arrest or sentencing and does not possess it now. Without any evidence to the contrary, the only logical conclusion is that the property cannot be located due to some act or omission of Cook. I am therefore required to order the forfeiture of substitute assets. 21 U.S.C. § 853(p)(2) (stating that "the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through E of paragraph (1), as applicable").

III.

For the foregoing reasons, it is **ORDERED** that the Request for Reconsideration, ECF No. 65, is DENIED.

ENTER:  November 19, 2020

/s/  JAMES P. JONES
United States District Judge