# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 5:02CR30087 |
| v.   ) | **OPINION AND ORDER** |
| ) | Judge James P. Jones |
| **NORWOOD COOK**, ) | |
| Defendant.   ) | |

*Norwood Cook, Pro Se Plaintiff.*

Norwood Cook, proceeding pro se, has filed what he styles as motion seeking relief from judgment or order under Rule 60(b)(6) and 60(d)(3). For the following reasons, I will deny the defendant's motion.

## I.

The defendant pleaded guilty to two drug-related offenses on November 12, 2002. In relevant part, the written Plea Agreement provided that the defendant agreed to forfeit assets, including not less than two million dollars obtained as a result of the underlying offenses. Plea Agreement 6, ECF No. 11. The defendant signed the Plea Agreement indicating that there was sufficient factual basis to support every fact contained therein and that he voluntarily agreed to the agreement.

The defendant was then sentenced in January 2003 to 160 months' incarceration.[1] As part of the judgment, the court entered an Order of Forfeiture, in which the court noted that the forfeited property included two million dollars that "was obtained directly or indirectly as a result of the aforestated offense or is traceable to such property." Order of Forfeiture 2, ECF No. 17. The court noted that the defendant had acknowledged that the money was subject of forfeiture as proceeds of the underlying offense by virtue of his guilty plea. The Order was endorsed as agreed to by Cook and his attorney and stated that it "shall be made a part of the sentence and included in the judgment." *Id.* at 5–6. [2]

The defendant later sought relief from the Order of Forfeiture under Federal Rule of Civil Procedure 60(b)(5). This court denied the motion after finding that Rule 60(b)(5) was inapplicable and that Cook's arguments were unmeritorious. Op. & Order 4, Mar. 30, 2015, ECF No. 54. The court of appeals affirmed the ruling. *United States v. Cook*, 610 F. App'x 304 (4th Cir. 2015) (unpublished).

In May 2020, the United States moved to amend the Order of Forfeiture to allow for the forfeiture of substitute property in the form of tax refunds and other federal payments through the Treasury Offset Program (TOP), which this court

---

[1] It appears that the defendant was released from incarceration on May 23, 2014.

[2] A criminal judgment was entered against the defendant on January 24, 2003, but the Order of Forfeiture was inadvertently omitted from the judgment. This was later corrected. Op. & Order, Mar. 30, 2015, ECF No. 54.

-2-

granted. The defendant than moved for reconsideration of that amendment, arguing in part that the two-million-dollar monetary judgment did not represent the proceeds of his crime. This court denied the defendant's motion. Op. & Order, Nov. 19, 2020, ECF 73. The defendant states that the instant motion, filed on August 15, 2022, is based on this court's November 19, 2020, Order.

## II.

The defendant now contends that in calculating the monetary judgment, the government impermissibly used information the defendant provided in his proffer session, which he alleges violated the Federal Rules of Evidence. Consequently, the defendant argues, the government perpetrated fraud on the court because it "passed [the information forming the basis for the monetary judgment] off as if [the government] obtained it independently." Mot. for Relief 7, ECF No. 77. The defendant clams that he is entitled to relief under Rule 60(b)(6) and Rule 60(d)(3). The defendant requests that the court void the monetary judgment, remove the defendant from the TOP, and refund all money forfeited by him through the TOP.

The defendant states that his petition is based on this court's November 19, 2020, ruling. Mot. for Relief 2, ECF No. 77. To the extent the defendant is challenging that Opinion and Order, the defendant's claims fail. Rule 60(b) allows a party to seek relief from final orders under certain circumstances including fraud, misrepresentation, or misconduct by the opposing party, Fed. R. Civ. P. 60(b)(3), or

"any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The defendant did not file his motion until August 2022, meaning he did not raise any claims of fraud or misconduct within one year after entry of the Order as is required. Fed. R. Civ. P. 60(c)(1). The defendant cannot now use Rule 60(b)(6)'s catch-all provision to justify a later motion for alleged conduct that would fall under the first three subsections of Rule 60(b), including fraud. *Great Coastal Express, Inc. v. Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1355 (4th Cir. 1982). Thus, the defendant's motion is untimely. Nor has he demonstrated that extraordinary circumstances exist to qualify for relief under Rule 60(b)(6). *Cf. Moses v. Joyner*, 815 F.3d 163, 168 (4th Cir. 2016) (discussing Rule 60's catch-all provision).

Defendant also argues he is entitled to relief under Rule 60(d)(3), which preserves independent actions in equity for fraud, including when the one-year time limitation applicable to Rule 60(b)(3) has expired. Fed. R. Civ. P. 60(d); *United States v. Beggerly*, 524 U.S. 38, 44–47 (1998). But ordinary cases of fraud are not enough to entitle a party to relief from a final order pursuant to the court's equitable powers preserved by Rule 60(d). *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 135 (4th Cir. 2014). "[N]ot only must fraud on the court involve an intentional plot to deceive the judiciary, but it must touch on the public interest in a way that fraud

between individual parties generally does not." *Id.* at 136.  The defendant has not satisfied this "very high bar." *Id.* at 137.

I turn next to the Order of Forfeiture and the two-million-dollar monetary judgment, which appears to be the heart of the defendant's petition.  His challenge to the Order of Forfeiture, which the defendant signed in January 2003, fails under Rule 60 for the same reasons discussed above.  The defendant simply disputes the basis of the monetary judgment, a judgment imposed because of his voluntary admissions in his plea agreement.  This is not enough to qualify for relief under Rule 60, especially considering that years have passed since entry of judgment.  And to the extent the defendant's filing could be construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, his motion fails because defendants may not collaterally attack such forfeiture orders.  *United States v. Hudgins*, 201 F. App'x 142, 143 (4th Cir. 2006) (unpublished) ("[A] § 2255 motion may not be used for the sole purpose of challenging fines or restitution[.]"); *United States v. Alquza*, No. 3:11CR373-FDW, 2017 WL 4451146, at *3 (W.D.N.C. Sept. 21, 2017) ("The custodial limitation embedded in the text of the federal postconviction statutes makes plain that convicted defendants have no right to use those statutes to raise freestanding challenges to the non-custodial components of their sentences,

including forfeiture orders."), *aff'd,* 722 F. App'x 348 (4th Cir. 2018) (unpublished).[3]

Accordingly, Cook's motion, ECF No. 77, is DENIED.

The Clerk shall send a copy of this Order to the defendant.

It is so **ORDERED**.

ENTER: October 28, 2022

/s/  JAMES P. JONES
Senior United States District Judge

---

[3] Furthermore, the defendant has not submitted proper certification authorizing consideration of a successive § 2255 motion, even if he could collaterally attack the forfeiture order. 28 U.S.C. § 2255(h). He has filed numerous § 2255 motions for his relevant conviction and sentence.